THOMAS J. BUCKLEY ENGINEERING COMPANY, Plaintiff, *v.* EDWARD E. McCALL, MILO R. MALTBIE, JOHN E. EUSTIS, J. SERGEANT CRAM and GEORGE V. S. WILLIAMS, as Public Service Commissioners of the First District, Defendants.

(Supreme Court, New York Special Term, January, 1914.)

Fraud — absence of — court cannot substitute itself for public service commission — power of public service commission to award subway contracts.

Injunctions — motion for pendente lite — court not warranted in granting relief prayed for.

> In the absence of fraud the court cannot substitute itself for the public service commission which, under the statute, has full power in the awarding of subway contracts.
>
> Where the representative of plaintiff, one of seven bidders for building a section of the Seventh avenue subway in the city of New York, in transcribing figures inserted twelve dollars instead of twelve cents per pound for certain material and forty-five dollars instead of forty-five cents per lineal foot for certain other material in place, and the correction of these errors would bring plaintiff's bid over $50,000 below the lowest bid submitted, the court is not warranted in granting the relief asked for by the complaint which prays for judgment reforming . and correcting said errors; and a motion for an injunction *pendente lite* from awarding or recommending an award of said contract to any other than plaintiff will be denied.

APPLICATION for an injunction.

Supreme Court, January, 1914. [Vol. 83.

J. Edward Murphy, for plaintiff.

George S. Coleman, for defendants.

GAVEGAN, J. This is an application for an injunction *pendente lite* restraining the defendants from the awarding or recommending an award to any one other than the plaintiff of a certain contract for the building of a section of the Seventh avenue subway. It appears that the plaintiff was one of seven companies which submitted bids for the work in question; that when they were opened the plaintiff's bid amounted to $3,222,634, and that there were two lower bids, the lowest one amounting to $3,059,522. Two clerical errors were made by the plaintiff's representative in transcribing the figures. The first consisted in inserting $12 instead of twelve cents per pound for special wire forms in place; the second in inserting $45 instead of forty-five cents per lineal foot for galvanized iron pipe handrail in place. The correction of these errors, it appears, would bring the plaintiff's bid about $53,000 below the lowest bid submitted. The plaintiff in its complaint prays for judgment, among other things, reforming and correcting said errors. No authority has been presented nor have I been able to find any which would warrant a court of equity in granting the relief asked. The defendants would not be obliged to award or recommend the awarding of the contract to the plaintiff had it been correct when submitted and found to be the lowest when opened. The alleged mistake is one entirely on the part of the plaintiff. As a basis for such an application there must be a binding legal instrument and a mutuality of mistake. Without questioning the good faith of the plaintiff, I am of the opinion that the granting of the application might establish a precedent which would

enable a bidder on a future contract for public work to deliberately specify what would seem unusually large prices for certain items, with the idea that if with those items he turned out to be the lowest bidder he would take the contract, while if he was the second lowest bidder he would claim that a mistake had been made and demand the right to so correct his bid as to make him the lowest bidder. In the absence of fraud the court cannot substitute itself for the public service commission, which has full power under the statute to act in the awarding of contracts. Public interest requires that bidders should be held to their bids in order that delays may be obviated or minimized in the prosecution of public improvements. The application for an injunction *pendente lite* is denied, with ten dollars costs.

Application denied.